UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RISHARD L.A. EDWARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18-cv-1195-JCH |
| STATE OF MISSOURI, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Rishard L.A. Edwards for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this case, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In correspondence filed with the complaint, plaintiff stated he was unable to obtain a copy of his prison account statement. (Docket No. 1, attch. 3). Therefore, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Any claim that plaintiff is unable to pay this amount must be supported by a copy of plaintiff's prison account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not

2

alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the State of Missouri, seeking to vindicate violations of his federally-protected rights. He alleges that, on March 2, 2018, he was found guilty by a jury of first degree robbery, first degree assault, and armed criminal action. On April 16, he was sentenced to serve a total prison term of 20 years. Plaintiff claims that the State of Missouri charged him "with Robbery 1st (for causing serious physical injury) and Assault 1st (for causing serious physical injury) which put [him] in Double Jeopardy because the statue [*sic*] of the charges has the same elements." (Docket No. 1 at 5). Plaintiff alleges that one charge is a lesser charge, and that he therefore should not have been convicted of both. He claims the State of Missouri violated his fifth and fourteenth amendment rights. He seeks damages in the amount of $25,000,000.00. He seeks no other form of relief.

## Discussion

The Eleventh Amendment bars federal courts from entertaining private suits against a State absent a waiver of its sovereign immunity, or a valid congressional abrogation of that immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Here, there is no indication that the State of Missouri has waived its Eleventh Amendment immunity. In addition, Congress, in passing § 1983, did not abrogate the States' Eleventh Amendment immunity. *Id.* The Court concludes that plaintiff's § 1983 claims are barred by the Eleventh Amendment, and will therefore dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __24th__ day of July, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE